

NOV 05 2025

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WISCONSIN

RICHARD T. GARDIPEE,

Plaintiff,

v.   Case No. _____

MILWAUKEE COUNTY,

Defendant.

25-C-1732

# COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

## (42 U.S.C. § 1983)

### JURY TRIAL DEMANDED

## I. INTRODUCTION

1. This civil rights action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation of rights secured to Plaintiff Richard T. Gardipee by the Sixth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory damages and injunctive relief against Defendant Milwaukee County for constitutional violations that occurred during and after Plaintiff's initial appearance in Milwaukee County Circuit Court.

2. Plaintiff alleges that Milwaukee County, through its policies, customs, and practices, deprived him of his constitutional right to counsel at a critical stage of criminal proceedings and violated his due process rights by conducting off-the-record hearings without a judge present, all of which has caused Plaintiff significant psychological and emotional harm.

## II. PARTIES

3. Plaintiff Richard T. Gardipee ("Plaintiff") is an adult resident of the State of Wisconsin, residing at 1955 South 58th Street, West Allis, Wisconsin 53219.

4. Defendant Milwaukee County ("Defendant" or "County") is a municipal corporation organized under the laws of the State of Wisconsin. Milwaukee County is responsible for the policies, procedures, practices, and customs of its various departments, agencies, and employees, including the Milwaukee County Circuit Court and its court commissioners.

5. At all times relevant to this Complaint, Milwaukee County acted under color of state law through its agents, employees, and representatives, including but not limited to Court Commissioner Dewey B. Martin and other employees of the Milwaukee County Circuit Court.

## III. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(a)(3) and (4) (civil rights).

7. This action arises under the United States Constitution and 42 U.S.C. § 1983, which provides a remedy for the deprivation of federal constitutional rights by persons acting under color of state law.

8. Venue is proper in the Eastern District of Wisconsin because Defendant Milwaukee County is located within this judicial district and the events giving rise to Plaintiff's claims occurred within this district.

## IV. STATEMENT OF FACTS

9. On or about October 21, 2024, Plaintiff appeared for his initial appearance in Milwaukee County Circuit Court on criminal charges in Case Numbers 2024CM002913 and 2024CM001471, which involved allegations of Retail Theft and Resisting or Obstructing an Officer.

10. At this initial appearance, Court Commissioner Dewey B. Martin presided over the proceedings.

11. During this initial appearance, Plaintiff explicitly informed Court Commissioner Martin that he was indigent and could not afford to hire an attorney to represent him.

12. Plaintiff specifically objected on the record to proceeding with the initial appearance without legal representation.

13. Despite Plaintiff's clear objection and request for counsel, Court Commissioner Martin proceeded with the initial appearance and made a probable cause determination without ensuring that Plaintiff had legal representation.

14. At the initial appearance, the judge shall inform the defendant of various rights, including the right to counsel and the right to a preliminary examination.

15. Court Commissioner Martin's actions in proceeding with the initial appearance and probable cause determination without addressing Plaintiff's request for counsel violated Plaintiff's constitutional rights under the Sixth and Fourteenth Amendments.

16. Following the initial appearance, Plaintiff was eventually appointed counsel, Attorney Maura E. Gingerich, to represent him in his criminal proceedings.

17. Plaintiff informed Attorney Gingerich about the constitutional violations that occurred during his initial appearance and requested that she file appropriate motions to address these

violations, including a motion challenging the probable cause determination made without counsel present.

18. Plaintiff also requested that Attorney Gingerich file a speedy trial demand on his behalf.

19. Despite Plaintiff's explicit requests, Attorney Gingerich refused to file any motions or appeals regarding the constitutional violations that occurred during Plaintiff's initial appearance.

20. Beginning on or about February 3, 2025, and continuing thereafter, Milwaukee County Circuit Court began conducting off-the-record hearings in Plaintiff's criminal cases without a judge present.

21. During these irregular proceedings, Plaintiff would arrive at the courthouse for scheduled court appearances but would be prevented from entering the courtroom by Attorney Gingerich.

22. Instead of being permitted to appear before a judge, Plaintiff would be handed a notice with a new court date and instructed to leave.

23. These off-the-record proceedings are documented in the Wisconsin Circuit Court Access online records system, which shows hearings occurring without any record of judicial proceedings.

24. The practice of conducting off-the-record hearings without a judge present violates Wisconsin court rules and Plaintiff's constitutional right to due process.

25. As a direct and proximate result of the constitutional violations perpetrated by Milwaukee County through its policies, customs, and practices, Plaintiff has suffered significant psychological and emotional harm.

26. Plaintiff has been diagnosed with a mental illness by a court-ordered psychiatrist, which stems directly from the constitutional violations he experienced.

27. Plaintiff has experienced severe psychological distress, including but not limited to: paranoia, mental anguish, emotional distress, depression, sadness, fright, loss of sleep, loss of appetite, and an inability to function normally in daily life.

28. Due to his psychological injuries, Plaintiff has been unable to work, resulting in lost income and financial hardship.

29. Plaintiff continues to suffer from these psychological and emotional injuries, which have substantially impaired his ability to function and enjoy life.

## V. CAUSES OF ACTION

**COUNT I: VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

**SIXTH AMENDMENT RIGHT TO COUNSEL**

30. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

31. The Sixth Amendment to the United States Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right… to have the Assistance of Counsel for his defence."

32. This right to counsel attaches at all critical stages of criminal proceedings, including initial appearances where probable cause determinations are made and bail is set.

33. Milwaukee County, through its policies, customs, and practices, deprived Plaintiff of his Sixth Amendment right to counsel by:

    a. Allowing Court Commissioner Martin to proceed with Plaintiff's initial appearance and make a probable cause determination despite Plaintiff's explicit request for counsel and objection to proceeding without representation;

    b. Failing to establish adequate policies to ensure that indigent defendants are provided with counsel at initial appearances before probable cause determinations are made;

    c. Maintaining a custom or practice of proceeding with initial appearances and probable cause determinations regardless of whether indigent defendants have been appointed counsel; and

    d. Failing to adequately train court commissioners and other court personnel on the constitutional requirement to provide counsel to indigent defendants at initial appearances before probable cause determinations.

34. The Seventh Circuit Court of Appeals has recognized that the right to counsel attaches when a court commissioner finds probable cause and sets bail, as occurred in Plaintiff's case.

35. Milwaukee County's policies, customs, and practices regarding initial appearances without counsel present were the moving force behind the violation of Plaintiff's Sixth Amendment rights.

36. As a direct and proximate result of these constitutional violations, Plaintiff has suffered significant psychological and emotional injuries as detailed above.

**COUNT II: VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

**FOURTEENTH AMENDMENT DUE PROCESS**

37. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

38. The Fourteenth Amendment to the United States Constitution guarantees that no state shall "deprive any person of life, liberty, or property, without due process of law."

39. Due process requires that criminal defendants be afforded fundamental fairness in all stages of criminal proceedings, including the right to be present at all critical stages, the right to have proceedings conducted on the record, and the right to have a judge preside over court hearings.

40. Milwaukee County, through its policies, customs, and practices, deprived Plaintiff of his Fourteenth Amendment right to due process by:

a. Conducting off-the-record hearings in Plaintiff's criminal cases without a judge present;

b. Preventing Plaintiff from entering the courtroom for scheduled court appearances;

c. Issuing continuances and new court dates without proper judicial oversight or record;

d. Maintaining a custom or practice of conducting informal, off-the-record proceedings in criminal cases; and

e. Failing to adequately train court personnel on the constitutional requirements of due process in criminal proceedings.

41. These actions and omissions shock the conscience and violate the most basic notions of due process and fair play in our justice system.

42. Milwaukee County's policies, customs, and practices regarding off-the-record hearings were the moving force behind the violation of Plaintiff's Fourteenth Amendment rights.

43. As a direct and proximate result of these constitutional violations, Plaintiff has suffered significant psychological and emotional injuries as detailed above.

**COUNT III: MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983**

**UNCONSTITUTIONAL POLICY OR CUSTOM**

44. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

45. Municipalities, including counties, may be held liable under 42 U.S.C. § 1983 when their policies or customs cause a constitutional violation.

46. The Seventh Circuit Court of Appeals has recognized three ways in which a municipality can be liable for constitutional violations: (1) through an express policy that causes a constitutional deprivation; (2) through a widespread practice that is so permanent and well-settled as to constitute a custom or usage with the force of law; or (3) through an action of a person with final policymaking authority.

47. Milwaukee County is liable for the constitutional violations suffered by Plaintiff because:

a. The County has an express policy or practice of proceeding with initial appearances and probable cause determinations without ensuring that indigent defendants are represented by counsel;

b. The County has a widespread practice of conducting off-the-record hearings without judges present, which is so permanent and well-settled as to constitute a custom with the force of law;

c. Court Commissioner Martin, acting as a person with final policymaking authority in the context of initial appearances, established a policy of proceeding with initial appearances despite defendants' objections to lack of counsel; and

    d. These policies and customs were the moving force behind the violations of Plaintiff's constitutional rights.

48. The Seventh Circuit has established that when an employee of a county adopts a rule affecting constitutional rights, that rule constitutes a policy of the county for which the county can be held liable.

49. Court Commissioner Martin's decision to proceed with Plaintiff's initial appearance despite his request for counsel constituted such a policy decision for which Milwaukee County bears responsibility.

50. As a direct and proximate result of these unconstitutional policies and customs, Plaintiff has suffered significant psychological and emotional injuries as detailed above.

**COUNT IV: MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983**

**FAILURE TO TRAIN**

51. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

52. A municipality's failure to properly train its employees can constitute a policy or custom that gives rise to liability under 42 U.S.C. § 1983 when that failure amounts to deliberate indifference to the rights of persons with whom those employees come into contact.

53. Milwaukee County has failed to adequately train its court commissioners, judges, and other court personnel regarding:

    a. The constitutional requirement to provide counsel to indigent defendants at initial appearances before probable cause determinations;

    b. The constitutional prohibition against conducting off-the-record hearings without a judge present;

    c. The proper procedures for ensuring that criminal defendants' constitutional rights are protected at all stages of criminal proceedings; and

    d. The proper response to a defendant's request for counsel during an initial appearance.

54. The need for training in these areas was obvious, and the lack of training was likely to result in constitutional violations of the kind experienced by Plaintiff.

55. Milwaukee County was deliberately indifferent to this obvious need for training, as evidenced by:

    a. The repeated constitutional violations experienced by Plaintiff over a period of months;

    b. The systematic nature of the off-the-record hearings conducted without judges present; and

    c. The failure to correct these unconstitutional practices despite their obvious nature.

56. This deliberate indifference to the need for training was the moving force behind the violations of Plaintiff's constitutional rights.

57. As a direct and proximate result of Milwaukee County's failure to train, Plaintiff has suffered significant psychological and emotional injuries as detailed above.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Richard T. Gardipee respectfully requests that this Court enter judgment in his favor and against Defendant Milwaukee County, and grant the following relief:

1. Compensatory damages in an amount to be determined at trial, but not less than $250,000.00, for:

    a. Psychological and emotional distress in the amount of $100,000.00;

    b. Loss of sleep and resulting physical health impacts in the amount of $50,000.00;

    c. Lost wages and diminished earning capacity in the amount of $75,000.00; and

    d. Other damages in the amount of $25,000.00;

2. Injunctive relief in the form of an order:

    a. Requiring Milwaukee County to provide counsel to all indigent defendants at initial appearances before any probable cause determinations are made;

    b. Prohibiting Milwaukee County from conducting off-the-record hearings without a judge present;

    c. Requiring Milwaukee County to develop and implement policies and training programs to ensure that the constitutional rights of criminal defendants are protected at all stages of criminal proceedings; and

    d. Requiring Milwaukee County to maintain proper records of all court proceedings;

3. Reasonable attorney's fees and costs as may be available under applicable law;

4. Pre-judgment and post-judgment interest as allowed by law; and

5. Such other and further relief as this Court deems just and proper.

## VII. JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated: November 1st 2025

*/s/ Richard Gardipee*

Richard T. Gardipee, Plaintiff Pro Se 1955 South 58th Street West Allis, Wisconsin 53219