UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RICHARD THOMAS GARDIPEE,

        Plaintiff,

v.                                              Case No. 25-cv-1732-bhl

MILWAUKEE COUNTY,

        Defendant.

_____

## SCREENING ORDER
_____

      On November 5, 2025, Richard Gardipee, proceeding without an attorney, filed a complaint alleging that Milwaukee County violated his Sixth Amendment right to counsel and Fourteenth Amendment right to due process while adjudicating his pending criminal case. (ECF No. 1.) Gardipee also filed a motion for leave to proceed without prepayment of the filing fee, or *in forma pauperis* (IFP), a motion for partial summary judgment, and a motion seeking declaration that *Younger* abstention does not apply. (ECF No. 2; ECF No. 5; ECF No. 6.) The matter is before the Court for consideration of Gardipee's IFP motion and for the screening of his complaint. The Court will dismiss Gardipee's complaint for failing to state a claim but grant him leave to amend his complaint. His other motions will be denied as moot.

## IFP MOTION

      The Court has authority to allow a plaintiff to proceed IFP upon the submission of an affidavit that identifies the plaintiff's assets and allows the Court to find that the plaintiff is unable to pay the filing fee. *See* 28 U.S.C. §1915(a)(1). Gardipee's IFP application includes information about his finances and is signed under penalty of perjury, satisfying the first IFP requirement. *See id.*; (ECF No. 2 at 2.). He is unemployed, has no monthly income, and no monthly expenses. (ECF No. 2 at 4.) The Court will grant Gardipee's motion to proceed IFP.

## ALLEGATIONS

      Gardipee alleges that on October 21, 2024, he appeared in Milwaukee County Circuit Court for his initial appearance in a criminal case related to allegations of retail theft and resisting or

obstructing an officer. (ECF No. 1 ¶9.) Gardipee informed the presiding Court Commissioner, Dewey Martin, that he was indigent and objected to appearing without legal representation. (*Id.* ¶¶10–12.) Commissioner Martin made a probable cause determination without first providing legal representation for Gardipee. (*Id.* ¶¶11–13.) After his initial appearance, Gardipee received appointed counsel, Maura E. Gingerich, to assist him. (*Id.* ¶16.) Gardipee requested that she file motions to address the probable cause determination made without counsel present and also requested she file a speedy trial demand. (*Id.* ¶¶17–18.) Gingerich did not file the motions he requested. (*Id.* ¶19.)

Beginning in February 2025, the Milwaukee County Circuit Court "began conducting off-the-record hearings in [Gardipee]'s criminal cases without a judge present." (*Id.* ¶20.) Gardipee asserts that he would arrive at the courthouse, would be prevented from entering the courtroom by his attorney, and would then receive a notice with a new court date and be instructed to leave. (*Id.* ¶¶21–22.) Gardipee asserts these hearings occurred without a judge present. (*Id.* ¶23.) Gardipee has experienced psychological distress and lost income and seeks damages and injunctive relief. (*Id.* ¶¶27–29.)

## SCREENING THE COMPLAINT

The IFP statute requires the Court to dismiss a case at any time if it determines that the plaintiff's allegations of poverty are "untrue" or if the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2). Accordingly, after evaluating a *pro se* plaintiff's IFP request, the Court must screen the complaint to ensure the case should be allowed to move forward.

In screening a pro se complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she, or the defendant's agent, is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## ANALYSIS

Gardipee attempts to bring claims under 42 U.S.C §1983 and alleges violations of his Sixth Amendment right to counsel, his due process rights under the Fourteenth Amendment, and theories of municipal liability for an unconstitutional policy and a failure to train Milwaukee County employees. (ECF No. 1 ¶¶30–57.) There are several problems with Gardipee's claims.

First, based on Gardipee's description, his October 21, 2024 appearance before a Milwaukee County Judge was a probable cause determination that did not require the appointment of counsel, and therefore did not implicate his Sixth Amendment right to counsel. *See* Wis. Stat. §§970.01–970.02; *State v. Koch*, 499 N.W.2d 152, 160 (Wis. 1993); *Gerstein v. Pugh*, 420 U.S. 103, 123–25 (1975). Second, Gardipee's assertions about off the record hearings are too vague to provide notice to Milwaukee County of what conduct its agents are alleged to have done that violated Gardipee's rights. (ECF No. 1 ¶20–23.) Gardipee asserts that Milwaukee County is liable under Section 1983 as a municipality through two theories—maintaining an unconstitutional policy or custom, and a failure to train its employees—but does not assert facts that could identify the state actors who allegedly participated in the off the record hearings or when they occurred, beyond saying they occurred after February 3, 2025. (*Id.* ¶¶20, 44–57.) While a complaint need not be detailed to state a claim for relief, a plaintiff must allege sufficient facts to put the defendants on notice of the claims against them. Fed. R. Civ. P. 8(a)(2); *Bank of Am., N.A., v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013) ("Each defendant is entitled to know what he or she did that is asserted to be wrongful."). Third, this Court is likely required to refrain from hearing Gardipee's case under the *Younger* abstention doctrine. Based on Gardipee's complaint, it appears that his criminal cases are ongoing. (ECF No. 1 at 2–3.) In *Younger v. Harris*, 401 U.S. 37, 53–54 (1971),

the Supreme Court held that federal district courts must abstain from adjudicating federal claims when a federal plaintiff uses his federal lawsuit to try to enjoin an ongoing state court criminal prosecution. *Younger* has been extended to apply to suits seeking damages. *See Majors v. Engelbrecht*, 149 F.3d 709, 714 (7th Cir. 1998).

Because Gardipee's complaint does not state a claim against the Defendant it will be dismissed. The Seventh Circuit has instructed that a *pro se* plaintiff be afforded one opportunity to amend his complaint. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Accordingly, if Gardipee believes he can cure the deficiencies identified in this decision, he may file an amended complaint by January 19, 2026. The amended complaint must also include the docket number assigned to this case and must be labeled "Amended Complaint." It will supersede his prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is not received by the deadline, the Court will dismiss this case without prejudice for failure to prosecute pursuant to Civil L. R. 41(c).

## CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that Gardipee's Motion for Leave to Proceed Without Prepayment of the Filing Fee, ECF No. 2, is **GRANTED**.

**IT IS FURTHER ORDERED** that Gardipee's Motion for Partial Summary Judgment, ECF No. 5, and Motion for Declaratory Judgment Precluding *Younger* Abstention, ECF No. 6, are **DENIED** as moot.

**IT IS FURTHER ORDERED** that Gardipee's Complaint, ECF No. 1, is **DISMISSED** without prejudice. If Gardipee wishes to proceed with this lawsuit, he must file an amended complaint on or before **January 19, 2026**. If the Court does not receive Plaintiff's amended complaint by that date, it will dismiss the case for failure to state a claim and for Plaintiff's failure to prosecute pursuant to Civil Local Rule 41(c).

Dated at Milwaukee, Wisconsin on December 17, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge